IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYLE APACHITO,

    Petitioner,

v.                                                                                           12-cv-0454 LH/SMV

ERASMO BRAVO, Warden,
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody [Doc. 1] (hereinafter referred to as the "Petition"), filed on April 27, 2012. Respondents filed their Answer on July 2, 2012 [Doc. 9]. Respondents argue that the Petition should be dismissed because it is time-barred and because it is a "mixed" petition containing both exhausted and unexhausted claims. Respondents' Answer . . . [Doc. 9] at 7–13. Alternatively, Respondents argue that the Petition should be dismissed on its merits pursuant to the deferential standard of review set forth in 28 U.S.C. § 2254. *Id.* at 14. I find that the Petition is time-barred and recommend that it be dismissed with prejudice.[1]

---

[1] The controlling issue in the Petition is susceptible to resolution based upon the materials already before the Court. Thus, an evidentiary hearing is unnecessary. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (noting that evidentiary hearing not required where record is sufficient to rule).

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 24, 2003, Petitioner pled guilty in state court to two counts of second degree murder and two counts of armed robbery, all with firearm enhancements. Plea and Disposition Agreement [Doc. 9-1] at 8–9. In exchange for the plea agreement, the State dismissed numerous other charges against Petitioner. *See* Judgment, Sentence, and Commitment [Doc. 9-1] at 7 (reflecting dismissal of 16 additional counts); Nolle Prosequi as to Counts 5 Thru 20 of Indictment [Doc. 9-1] at 16. On September 11, 2003, pursuant to the terms of the plea agreement, the Honorable Frank H. Allen, Jr., sentenced Petitioner to 32 years' incarceration, to be followed by two years' parole. Judgment, Sentence, and Commitment [Doc. 9-1] at 5.

Petitioner did not directly appeal his conviction or sentence. Petition [Doc. 1] at 3. On November 14, 2003, he filed a Motion to Modify Sentence. [Doc. 9-1] at 17. That motion was denied on December 8, 2003. Form Order on Scheduled Motions [Doc. 9-1] at 20. Petitioner filed a state habeas corpus petition on September 28, 2007. Petition for a Writ of Habeas Corpus [Doc. 9-1] at 21–30, *as amended by* Amended Petition for Writ of Habeas Corpus [Doc. 9-1] at 40–49. That petition was denied on May 20, 2010. Order on Petition for Writ of Habeas Corpus [Doc. 9-3] at 19–20.

Petitioner subsequently filed a Motion to Vacate Final Order Filed May 20, 2010 and for an Evidentiary Hearing. [Doc. 9-3] at 21. That motion was denied on October 15, 2010. Order Denying Petitioner's Motion to Vacate Final Order and for Evidentiary Hearing [Doc. 9-3] at 24.

Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of New Mexico on December 9, 2010. Petition for Writ of Certiorari . . . [Doc. 9-3] at 26. That petition was denied on January 3, 2011. Order [Doc. 9-3] at 78.

Petitioner filed a second Petition for Writ of Habeas Corpus in state court on November 2, 2011. [Doc. 9-4] at 1. That petition was summarily dismissed on November 3, 2011. Order on Petition for Writ of Habeas Corpus [Doc. 9-4] at 35. Petitioner filed a second Petition for Writ of Certiorari, [Doc. 9-5] at 1, which was denied on January 27, 2012, Order [Doc. 9-5] at 46. Petitioner filed his federal Petition in this Court on April 27, 2012. [Doc. 1].

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended federal habeas corpus procedures by adding a one-year limitation period for § 2254 petitions. *Pliler v. Ford*, 542 U.S. 225, 230 (2004). The AEDPA became effective on April 24, 1996. *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). Petitioner was convicted and sentenced after this date, and his federal habeas petition is therefore subject to the AEDPA's one-year limitation period.

28 U.S.C. § 2244(d)(1)(A) provides that the one-year limitation period begins to run from the date on which the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (where state prisoner does not seek review in a state's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking review expires).

The AEDPA one-year limitation period is subject to tolling as set forth in 28 U.S.C. § 2244(d)(2): "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The United States Court of Appeals for the Tenth Circuit has determined that the pendency of a state post-conviction

application "encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) (alteration in original) (internal quotation marks omitted). However, tolling merely pauses the clock; it does not restart the limitations period after it has passed. *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Thus, once the statute has run, a collateral action cannot revive it. *Id*.

Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within 30 days of a state district court's judgment. *Holloway v. Hatch*, No. 07-2092, 250 F.App'x 899, 900, 2007 WL 2981423 at *1 (10th Cir. Oct. 12, 2007) (unpublished). Thus, Petitioner's judgment became final on Monday, October 13, 2003, the next business day following 30 days after entry of the Judgment and Sentence on September 11, 2003. See *Gonzalez, supra*; Rule 1-006(A) NMRA. He then had one year, or until October 13, 2004, in which to file his federal habeas petition, subject to tolling.

Although Petitioner did not appeal his conviction, he did file a Motion to Modify Sentence. [Doc. 9-1] at 17. Under Tenth Circuit precedent, the one-year time period in which to file a federal habeas petition is tolled during the pendency of a properly filed motion to modify sentence. *See Howard v. Ulibarri*, 457 F.3d 1146, 1150 (10th Cir. 2006). The Motion to Modify Sentence was denied on December 8, 2003, or 24 days after it was filed. Petitioner had 30 days

in which to appeal that ruling. *See* Rule 12-201(A)(2) NMRA. Thus, Petitioner's Motion to Modify Sentence was "pending" for a total of 54 days.

To summarize, the AEDPA one-year limitations period began to run on October 13, 2003. It was tolled for 54 days during the pendency of Petitioner's Motion to Modify Sentence. Thus, Petitioner had 419 days (365 + 54) from the date his judgment became final, or until December 6, 2004, in which to file his federal habeas petition. He did not file his Petition until April 27, 2012, more than seven years after the deadline had run. Petitioner's other collateral attacks on his sentence did not toll the limitation period because they were all filed after the deadline had run. *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (once the statute has run, a collateral action cannot revive it). Having found that the Petition is time-barred, I need not address Respondents' other arguments.

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody [Doc. 1] be **DENIED** as time-barred and that this action be **DISMISSED WITH PREJUDICE.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

in which to appeal that ruling. *See* Rule 12-201(A)(2) NMRA. Thus, Petitioner's Motion to Modify Sentence was "pending" for a total of 54 days.

To summarize, the AEDPA one-year limitations period began to run on October 13, 2003. It was tolled for 54 days during the pendency of Petitioner's Motion to Modify Sentence. Thus, Petitioner had 419 days (365 + 54) from the date his judgment became final, or until December 6, 2004, in which to file his federal habeas petition. He did not file his Petition until April 27, 2012, more than seven years after the deadline had run. Petitioner's other collateral attacks on his sentence did not toll the limitation period because they were all filed after the deadline had run. *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (once the statute has run, a collateral action cannot revive it). Having found that the Petition is time-barred, I need not address Respondents' other arguments.

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody [Doc. 1] be **DENIED** as time-barred and that this action be **DISMISSED WITH PREJUDICE.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**