# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**LYLE APACHITO,**

    Petitioner,

v.                                                                                                                 CIV No. 12-0454 LH/SMV

**ERASMO BRAVO, Warden, and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,**

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 11] ("PF&RD"), filed on August 23, 2012. Petitioner filed his Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] ("Petition") on April 27, 2012. The Honorable Stephan M. Vidmar, United States Magistrate Judge, found that the Petition was filed after the 1-year AEDPA limitations period. PF&RD [Doc. 11] at 5. Accordingly, Judge Vidmar recommended dismissing the Petition with prejudice as time-barred. *Id.* at 5. Petitioner's Objections to Proposed Findings and Recommended Disposition [Doc. 13] ("Objections") were filed on September 17, 2012. The Court will overrule the Objections as waived, adopt the PF&RD and dismiss the Petition with prejudice.

Judge Vidmar recommended dismissing the Petition as time-barred. Specifically, Judge Vidmar reviewed 28 U.S.C. § 2254(d) and the relevant caselaw, and found that Petitioner's sentence became final on October 13, 2003. PF&RD [Doc. 11] at 5. He found further that the one-year deadline for filing a federal habeas petition in this case fell on December 6, 2004, with due

consideration for tolling as required by 28 U.S.C. § 2244(d)(2). *Id.* at 5, 3. He found further that Petitioner filed his federal habeas petition on April 27, 2012, more than seven years after this deadline. *Id.* at 5. Judge Vidmar thus recommended that the case be dismissed with prejudice. *Id.*

Petitioner's Objections do not challenge the Magistrate Judge's calculation of the limitations period pursuant to 28 U.S.C. § 2244, nor do they challenge the Magistrate Judge's conclusion that his Petition is time-barred. *See generally* Objections [Doc. 13]. Instead, the Objections raise, in general terms, an argument that Petitioner's counsel was constitutionally ineffective for failing to appeal the criminal conviction. *Id.* at 2–3.[1] The Court therefore finds that no party objected to the Magistrate Judge's conclusions regarding the time-bar calculations and the Petition's untimeliness. Accordingly, review of these conclusions is waived. *See, e.g., Duffield v. Jackson*, 545 F.3d 1234 (10th Cir. 2008) ("We have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." (Internal quotation marks and alteration omitted)).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the objections contained in Petitioner's Objections to Proposed Findings and Recommended Disposition [Doc. 13] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 11] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] is **DENIED** as time-barred, and the case is **DISMISSED WITH PREJUDICE**.

---

[1] To the extent that Petitioner's Objections raise new theories that were not argued before Judge Vidmar, the Court finds that those objections are deemed waived. *See, e.g., United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to [a PF&RD] are deemed waived.").

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**